## DECEMBER TERM, 1843.

### HENRY SMITH, *et al. v.* ROBERT J. WALKER, *et al.*

A prior owner of a note, who, while such, obtained judgment at law against the maker of the note, and afterwards, and while the note was lost, transferred the contents of the note, and the right to control its proceeds, has the legal title to the note, and is a proper party to a bill filed to recover the amount of the lost note from the indorsers.

Where a bill is filed to recover the amount of a lost note, it is not necessary to have tendered indemnity before the bill was filed, or to the parties themselves; it is sufficient if it is offered by the bill.

A court of chancery has no jurisdiction of a bill upon a lost note, unless indemnity is offered upon the face of the bill.

Before a party can come into equity, to recover upon a lost note, he must make affidavit of its loss.

A court of equity has jurisdiction of a bill filed to recover from the indorsers of a lost note, the amount of the note ; the basis of equity jurisdiction in such cases being the power of the court to compel indemnity.

THE bill in this case was filed by Henry Smith, John L. Smith, and John Brown, complainants, against Robert J. Walker and Thomas Barnard. It averred, that M'Neill, Wilkinson, & Co., had made their promissory note payable to the order of Robert J. Walker, and by him and Thomas Barnard indorsed and delivered to the complainant, Henry Smith ; that Henry Smith sued the makers of the note, in the county of Warren in this State, where they resided, and obtained a judgment at law against James J. Chewning, one of the makers ; that the indorsers lived in Adams county in this State ; that the note was withdrawn from the papers of the suit in Warren, and sent to Adams, and was lost in the transmission, never having reached its destination ; that while it was so lost, the complainant, Henry Smith, by an agreement and contract with the other complainants, transferred to them the contents of the note, and the right to control its proceeds ; the bill averred, that the note had been regularly protested for nonpayment, and notices thereby given, and fully, by its allegations, fixed the liability of the defendants : it is also averred, that the makers of the note had given the indorsers indemnity, and called upon them to disclose the nature and amount of it.   It is not deemed necessary to notice

at length these parts of the bill, as the demurrer did not extend to them.

The bill contained a formal offer to indemnify the defendants against the subsequent reappearance of the note.

An affidavit of the loss of the note was also appended to the bill.

The defendant, Robert J. Walker, appeared in proper person, and demurred to the bill for five assigned causes, which are not repeated here, as they are noticed *seriatim* in the opinion of the Chancellor.

*Smedes* and *Marshall*, in behalf of the bill.

1. On the question of jurisdiction of this Court in cases of lost bill or note, the following authorities are decisive of the point.

*Fisher* v. *Mershon*, 3 Bibb. 527, *West* v. *Patton*, Lit. Sel. Cases, 406 ; *Anon.* 3 Atk. 17 ; Mit. Eq. Plea, 112 ; Fon. Eq. 1, 17 Ch. 1, § 3 ; Jeremy on Chancery Jurisdiction, 362 ; Chit. on Bills, 202 ; *Pierson* v. *Hutchinson*, 2 Camp. 211 ; *Poole* v. *Smith*, 1 Holt, 144, 3 Eng. Com. Law Rep. 55 ; 2 Robinson's Prac. 40 ; 1 Story, Eq. 103.

2. As to the indemnity, it is sufficient if it is offered with the bill. *Walmsley* v. *Child*, 1 Ves. 344 ; *Bromley* v. *Holland*, 7 Ves. 20 ; 1 Story, Eq. 102 ; Chit. on Bills, 290.

3. Henry Smith was a proper party. The legal title to the note was in him.

The rule as to proper parties is, that all persons ought to be made parties before the court, who are necessary to make the determination complete, and to quiet the question ; Lord Hardwicke, in *Poor* v. *Clarke*, 2 Atk. R. 515.

An obligee of a bond who has assigned it absolutely, and claimed no interest in it, in a suit brought by the assignee against the obligor, may be made a party. *Brace* v. *Harrington*, 2 Atk. 235.

" In cases where an assignment does not pass the legal title, but only the equitable title to the property, *as for example* the assignment of a chose in action, it is usual, if not indispensable, to make the assignor a party to the suit." Story, Eq. Plead. 147, §

153; Mit. Eq. Pl. 179; *Ray* v. *Fenwick*, 3 Bro. Ch. R. 25; Story, Eq. Pl. 77, § 75.

He is a necessary party to give indemnity.

4. But whether he be *a necessary* party or not, his being made so, is not ground for demurrer; "the joinder or *non*-joinder of mere nominal or formal parties, will not ordinarily be allowed by the court, as a valid objection to proceedings under the bill." Story, Eq. Pl. 198, § 229; Calvert on Parties, 239; *Ryan* v. *Anderson*, 3 Mad. R. 176.

In fact, in a late case in England, that of *Messenger* v. *Hammond*, in the Eng. Jur. for 1839, p. 98, and cited in Story, Eq. Pl. 149, it was decided, that the assignor of a debt *must* be a party; that the assignee could not sue in his own name.

5. We admit an affidavit to be necessary; one is filed with the bill.

CHANCELLOR. This bill is filed against the accommodation indorsers of a lost note, to recover of them its amount; and has been demurred to. The first ground of demurrer is:

1. That Henry Smith, one of the complainants, is improperly joined, as such.

It may be remarked as to that objection, that this complainant, whose joinder is objected to, was at one time, prior to the filing of the bill, the holder and owner of the note in controversy, and while such, obtained a judgment at law upon it, against the maker of the note; that after this judgment was obtained, the note was withdrawn from the suit at law, and transmitted for the purpose of suit against other parties to the note to a distant county, and was, in the course of transmission, accidentally lost; that, while the note was thus lost, by an agreement between the complainant, Henry Smith and the other complainants, Henry Smith assigned to them the contents of the note, and the right to control its proceeds; the note was not then in the possession of either party, and of course no delivery of it took place; Henry Smith was, therefore, still the holder of the legal title, the other complainants had a mere equity in the note, which was but a chose in action, and of course all they obtained by the transfer was a mere right in equity to its proceeds.

Henry Smith was, therefore, a proper party, either plaintiff or de-
fendant ; where a party has clearly an interest in the matter in con-
troversy, it is not in equity generally a matter of materiality,
whether he be made plaintiff or defendant.   I think in this case,
the complainant is properly made a party as such.

The *second* cause of demurrer assigned is, that the complain-
ants had not, before the filing of the bill, offered to give the defend-
ants indemnity against a suit by a future holder of the note.

It seems to me, that this objection is based upon a total misconcep-
tion of what was necessary in coming into this Court to recover upon
a lost note.   It is not necessary in such a case to tender indemnity be-
fore the bill is filed, or to tender it directly to the parties themselves.
It is sufficient, if the bill offered to give indemnity when required,
which is only done at the final decree, and in fact forms a part of it.

It is, I find, upon looking into the authorities, necessary, as pre-
liminary to this Court's having jurisdiction of a case of this kind,
that the complainants, upon the face of their bill, offer to give such
indemnity as may be required ; the bill in this case does contain
this offer, and I must, therefore, overrule this ground of demurrer.

The *third* cause of demurrer assigned is, that no proof of the
loss of the note accompanies the bill.

I cannot perceive the precise meaning of this ground of objec-
tion to the bill ; if the defendant intends by it, that there is no affi-
davit of the loss of the note, he is within the rule upon that subject,
but the answer to that objection is, that it has no foundation in
fact ; there is an affidavit appended to the bill, complying fully with
the requisition of the law.

The *fourth* cause of demurrer is, that this Court has no juris-
diction of the case.

A reference to the authorities show these distinctions : if the
note was negotiated after it is due, or if it was not upon its face
negotiable, the party alleging the loss might sue at law ; because, in
either of these events, the maker could defend in any action that
might be subsequently brought against him, and set up any equities
that might exist between him and the lawful owner of the note,
any payment he might have made him, and thereby could defeat
the person into whose hands it might pass, and who might attempt

to enforce its collection ; because a party taking a note under the circumstances I have enumerated, takes it subject, in the language of the commercial law, to the equities of the maker, as against the prior holder.

In England, the only ground for coming into equity to recover for a lost note, was, that the defendant could by that means obtain adequate indemnity ; a court of law has no power to give indemnity, a court of chancery can compel it ; and this seems to be the foundation for chancery jurisdiction in such cases. There can be in this case, therefore, no doubt whatever of the jurisdiction of the Court.

The *fifth* objection is a general one ; of irregularity, &c., in the construction of the bill.

I have examined the bill ; it is technical, and well drawn, sufficient both in its averments and substance to entitle the parties complainant to the decree they ask.

The demurrer must be overruled, and the defendant allowed ninety days in which to answer.